UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD DEHAR,

    Plaintiff,                              CASE NO. 07-11584

v.                                          DISTRICT JUDGE AVERN COHN
                                          MAGISTRATE JUDGE CHARLES E. BINDER

BOULTON, Sergeant,
ROMANOWSKI, Deputy,
SALAY, Deputy, HUNT,
Lieutenant,

    Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
(Dkt. 23)

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that Defendants' motion be **GRANTED** and the case dismissed with prejudice.

**II.    REPORT**

    **A.    Procedural Background**

Plaintiff filed the instant *pro se* prisoner civil rights complaint on April 6, 2007. (Dkt. 1.) The case was referred by U.S. District Judge Avern Cohn to the undersigned Magistrate Judge for general case management on June 21, 2007. (Dkt. 11.) On August 31, 2007, Defendants filed a motion for summary judgment (Dkt 22), Plaintiff responded on October 12, 2007 (Dkt. 26), and

Defendants replied on October 17, 2007. (Dkt. 27.) On January 4, 2008, Plaintiff filed a document that was docketed as a "Motion to Appoint Counsel" which requested appointed counsel but which also stated:

> You Honor I don't think you can help me, in fact I no longer wish to pursue this in your court. Jehovah God witnessed with his eyes what happened to me. I will wait on Him. Your court is too lenient. God's justice stands for ever even to times indefinite, what's 750 grand compared to eternal damnation?

(Dkt. 28 at 7.) Although this could be viewed as a motion to voluntarily dismiss the case, I suggest that the interests of justice would be better served by substantively addressing Defendants' motion for summary judgment. Upon review of the documents, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation on the pleadings without oral argument.

### B. The Complaint

Plaintiff's complaint alleges that when he asked Defendant Boulton for grievance forms, Defendant Boulton told him to "f--- off" and that the "staff also attempted to use scare tactics and physical assaults to prevent [him] from filing grievances." (Compl., Dkt. 1 at 3.) Plaintiff also asserts that "staff also opened legal mail addressed to courts and destroyed letters to Magistrate Judge and the Clerk of the Court, therefore by all rights, I conclude that I exhausted remedies." (*Id.*)

Under the factual allegation section, Plaintiff contends:

> I was stripped naked and put in a cell with nothing in it for 21 days, I was forced to eat moldy bread and meat for breakfast lunch and dinner, I was assaulted by Dep. Romamowski, Dep. Salay, Sgt. Bouton, Lt. Hunt. I was threatened with death by Sgt. Bouton. All of this was done because I would not take sleeping medications as the order had exspired. [sic] Staff over reacted and made false claims that I was detoxing from those meds.

(*Id.* at 4.) Plaintiff seeks "750,000.00 dollars relief, in the form of money damages" and "injunctive relief [because he] want[s] the Defendants barred from working in any type of correctional facilities, including but not limited to county jails, state prisons, federal prisons, private prisons, city jails." (*Id.* at 5.)

### C. Motion Standards

A motion for summary judgment will be granted under Rule 56(c) of the Federal Rules of Civil Procedure where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary

3

judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit has explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The elements of a claim under 42 U.S.C. § 1983 are: (1) the violation of a right secured by the federal Constitution or federal law that was (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

When the court considers pleadings filed by a plaintiff who is proceeding without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). However, courts may not rewrite a complaint to include claims that were never presented, *Barnett*

*v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). In other words, the court may not "conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or create a claim for the plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975), because to hold otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**D.     Analysis and Conclusions**

**1.     Qualified Immunity**

In their answers, all Defendants raise the defense of qualified immunity. (Dkts. 17-20 at 2, ¶ 6.)[1]  The Supreme Court has explained that, pursuant to the defense of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The rationale underlying the doctrine is that "an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.*

---

[1]Although Defendants' motions argue that Plaintiff cannot come forward with sufficient evidence to avoid summary judgment on the underlying claims apart from the qualified immunity context, since the defense was raised, the court may address the underlying issues as part of the qualified immunity analysis. *See Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) (courts may not raise affirmative defenses *sua sponte* without rendering the waiver aspect of Rule 8(c) nugatory). I further note that Defendants rely on *Scott v. Harris, supra*, which involved application of the summary judgment standards in the qualified immunity context. (Def. MSJ, Dkt. 22 at 3.)

Qualified immunity further recognizes that "[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine will apply to the factual situation he confronts. 'If the officer's mistake as to what the law requires is reasonable, . . . the officer is entitled to the immunity defense.'" *Greene v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).

The defense of qualified immunity "can be raised at various stages of the litigation including at the pleading stage in a motion to dismiss, after discovery in a motion for summary judgment, or as an affirmative defense at trial." *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (citing *Kennedy v. City of Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986)). When raised after discovery, "the defendant is entitled to summary judgment if discovery fails to uncover evidence sufficient to create a genuine issue as to whether the defendant in fact committed those acts." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985).

The Supreme Court has recently clarified the interplay between qualified immunity and summary judgment:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts. As we have emphasized, '[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."' '[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.' When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment. . . . Respondent's version of the events is so utterly discredited by the record that no reasonable jury could have believed him [so] [t]he Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.

6

*Scott v. Harris*, ___ U.S. ___, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).

According to this recent Supreme Court precedent, courts must weave the summary judgment standard into each step of the qualified immunity analysis and must not proceed to step two unless a genuine issue of fact exists under step one. The Sixth Circuit has delineated the following steps to the qualified immunity analysis:

> The first inquiry is whether the [p]laintiff has shown a violation of a constitutionally protected right; the second inquiry is whether that right was clearly established at the time such that a reasonable official would have understood that his behavior violated the right; and the third inquiry is 'whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of clearly established rights.'

*Tucker v. City of Richmond, Ky,* 388 F.3d 216, 219 (6th Cir. 2005) (quoting *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002)). The court must only consider the facts known to the officers at the time the conduct was undertaken. *Hale v. Kart*, 396 F.3d 721, 728 (6th Cir. 2005).

### a. Whether a Constitutional Violation Occurred

Construing Plaintiff's complaint liberally, Plaintiff is asserting that his Eighth Amendment rights were violated by Defendants' stripping him naked, serving him moldy food and assaulting him, and that his First Amendment rights were violated by Defendants retaliating against him by interfering with and destroying his legal mail, thereby denying him access to the courts. (Compl., Dkt. 1 at 3-4.)

#### i. First Amendment

The right of access only applies to cases which attack the inmate's conviction and sentence or cases which challenge the conditions of confinement, such as the instant case. *Lewis v. Casey*, 518 U.S. 343, 349-51, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). In *Lewis v. Casey*, the Supreme

7

Court held that inmates claiming a denial of the right of access to the courts must show "actual injury" in order to have standing to bring suit. *Id.* at 349. Actual injury or prejudice can only be suffered where an inmate has a meritorious claim to bring. Therefore, "only prisoners with non-frivolous underlying claims can have standing to litigate an access-to-courts action." *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (citing *Lewis v. Casey, supra*.) If a Plaintiff lacks standing, "he is barred from bringing suit and the federal court is without jurisdiction to hear the claim." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

I suggest that Plaintiff has failed to come forward with any evidence that he has suffered any "actual injury" because Plaintiff has not pointed to any specific deadline that was missed or other harm caused by any alleged interference with his legal mail. *Lewis, supra*. I further suggest that Plaintiff's conclusory allegations of retaliatory motive unsupported by any specific factual foundation are insufficient to state a claim under § 1983. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Pack v. Martin*, 174 Fed. App'x 256, 259 (6th Cir. 2006); *McMillan v. Fleming*, 136 Fed. App'x 818, 820-21 (6th Cir. 2005).

    **ii.**    **Eighth Amendment**

It is beyond dispute that, as a general proposition, an inmate's rights under the Eighth Amendment are violated when government entities or officials are deliberately indifferent to his medical needs or his safety. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "A prison official violates the Eighth Amendment only when . . . [f]irst, the deprivation alleged must be, objectively, 'sufficiently serious' [and] [s]econd, when the offending conduct itself is not a criminal penalty. It is the 'unnecessary and wanton' infliction of pain that implicates the Eighth

Amendment . . . [t]hus, a prison official will be liable under the Eighth Amendment for failing to protect an inmate only if the official acted with 'deliberate indifference.'" *Davis v. Brian*, No. 98-1910, 1999 WL 503522, *3 (6th Cir. July 9, 1999) (unpublished) (internal citations omitted). "Obduracy or wantonness, not inadvertence or good faith error, characterizes deliberate indifference." *Gibson v. Foltz*, 963 F.2d 851, 853 (6th Cir. 1992).

When Plaintiff came to the Genesee County Jail on February 7, 2007, Defendants assert that he had been prescribed psychotropic medication for paranoid schizophrenia, bipolar disorder, and borderline and paranoid traits (Dkt. 22 at Ex. 1), but was refusing to take the medication. (*Id.* at Ex. 2.) Plaintiff responds that he does "not have any schizophrenia, bi-polar disorder or any other Axis I Diagnosis," and the information he attaches to the response indicates that as of April 2006, he was suffering from an Axis II "borderline personality disorder" with "unstable and intense interpersonal relationships, impulsivity, recurrent suicidal gestures, difficult[y] controlling anger, [and] transient paranoid ideation." (Dkt. 26 at 1; Ex. 10 (unnumbered).) According to Plaintiff's response, he was suffering from borderline and paranoid traits as well as recurrent suicidal issues. Whether he also suffered from schizophrenia and bi-polar disorder does not, I suggest, significantly alter the situation.

Based on his psychiatric history and refusal to take medication, Defendants contend that Plaintiff was, upon arrival, placed in "observation housing and clothing referred to as 'suicide prevention garb.'" (Dkt. 22 at 6.) Although Plaintiff's complaint alleges that he was naked for the 21 days Defendants claim he was in suicide garb, Plaintiff now has changed his position to allege that he was not immediately placed in suicide garb but instead was naked for 6 days before being placed in suicide garb. (Compare Dkt. 1 at 4 with Dkt. 26 at 2.) However, Defendants' record

9

evidence reveals that on February 13, 2007, a psychiatrist evaluated Plaintiff and ordered the continuation of suicide garb until a re-evaluation that took place on February 28, 2007, at which time both the observation placement and suicide garb were discontinued. (Dkt. 22 at 7; Ex. 5.)

Defendants contend that Plaintiff has failed to come forward with any evidence that he was "placed naked in a bare cell and made to eat moldy food for 21 days" or that he was assaulted. (Dkt. 22 at 3-4.) Defendants each proffer an affidavit indicating they had no role in the preparation of food and that they did not assault Plaintiff. (*Id.* at Ex. 6.) As Defendants note, Plaintiff's own "medical refusal forms" during this time period[2] indicate that Plaintiff's complaint was that he had "been in <u>suicide garb</u> for over 7 days when I am neither suicidal nor have ever thought about it." (*Id.*, Ex. 3 at 2) (emphasis in original); (*Id.*, Ex. 3 at 3, 7, 8, 9 ("I want <u>off suicide</u> garb I want my clothes . . . I am not suicidal or withdrawl [sic] from drugs") (emphasis in original at 3)). Plaintiff's other complaints indicate that he "d[id] not want any meds . . . [or] your help. . . you people have violated my civil rights." (*Id.,* Ex. 3 at 4, 8, 9, 13.) Also during this same period, Plaintiff filed a medical request form indicating that the "problem" was "that incubus is bothering me again like I told you. I am hearing his voice, I can't stop him." (*Id.*, Ex. 3 at 12.)[3]

I suggest that Defendants have carried their burden under Rule 56 such that Plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott, supra.* I further suggest that out of the two "different stories" being told by the parties, Plaintiff's is "blatantly contradicted by the record, so that no reasonable jury could believe it" such that

---

[2]Dated February 15-25, 2007. (Dkt. 22 at Ex. 3.)

[3]Defendants note that Plaintiff suffers from "hearing the voice of someone he calls 'the incubus.'" (Dkt. 22 at n.2.)

10

summary judgment in favor of Defendants is appropriate. *See Scott,* 127 S. Ct. at 1776; *Skylstad v. Reynolds*, 248 Fed. App'x 808, 810 (9th Cir. 2007) (granting summary judgment for defendant on excessive force claim where medical evidence contradicted plaintiff and other witness's version of events); *Salaam v. Lamphere*, No. 1:07-CV-181, 2008 WL 696453, *5 (W.D. Mich. Mar. 12, 2008) (granting summary judgment for defendant where medical evidence did not indicate that plaintiff suffered any detrimental effect from delay in treatment); *Harris v. Curtin*, No. 1:05-CV-815, 2008 WL 623829, * (W.D. Mich. Mar. 4, 2008) (granting summary judgment for defendants where medical evidence and evidence at major misconduct hearing, combined with major misconduct conviction blatantly contradicted Plaintiff's version of the events).

### B. Clearly Established Right and Reasonable Conduct

As indicated above, I suggest that Defendants have proffered sufficient evidence to meet their burden under Rule 56 that no constitutional rights were violated and that their conduct was reasonable. Thus, I maintain that summary judgment should be granted in favor of Defendants and there is no need to discuss the second and third steps of the qualified immunity analysis.

### 2. Conclusion

For the above stated reasons, I suggest that Defendants' motion for summary judgment be granted and the case be dismissed with prejudice.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474

11

U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

                                s/ *Charles E. Binder*
                                CHARLES E. BINDER
Dated: April 3, 2008                United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on H. William Reising, served on Donald Dehar by first class mail, and on U.S. District Judge Cohn in the traditional manner.

Date: April 3, 2008      By     s/Patricia T. Morris
                                     Law Clerk to Magistrate Judge Binder